## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOHNETTA LAVONNE ROWE,                )
                               Petitioner,    )
v.                                    )        Case No. CIV-07-334-HE
                                            )
WARDEN MIKE MULLIN,[1]                 )
                         Respondent.  )

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Johnetta Lavonne Rowe, appearing *pro se*, challenges her state court conviction in Case No. CF-2004-6104, District Court of Oklahoma County, State of Oklahoma. Respondent has not addressed the merits of the Petition, instead contending the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A) and moving for dismissal of the Petition [Doc. ##11-12]. Petitioner has responded to the motion [Doc. #14] and the matter is now at issue. For the reasons set forth below, it is recommended that Respondent's motion be granted and the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## I.     Background Facts / Procedural History

On April 13, 2005, Petitioner pled guilty in Oklahoma state court to the charge of Arson and to the charge of Endangering Human Life in the Commission of Arson. Petitioner was sentenced to ten years on each count, with all but the first five years suspended. The

---

[1]Petitioner designated as respondents in this action "Warden Mullens" and Drew Edmondson, Attorney General of the State of Oklahoma. Petitioner is incarcerated at Dr. Eddie Warrior Correctional Center, and Mike Mullin is the warden of that facility. Mike Mullin, therefore, is substituted as the proper respondent in this action.

state court ordered the sentences to be served concurrently.  *See* Brief in Support of Motion to Dismiss, Exhibit 1, Judgment and Sentence.

Petitioner sought judicial review and modification of her sentence on September 6, 2005, which was denied by the state district court on that same date.  *See* Brief in Support of Motion to Dismiss, Exhibit 2, State Court Docket.  On March 14, 2006, Petitioner filed a second application for judicial review and modification of her sentence which was denied by the state district court on March 21, 2006.  *See id.*

Thereafter, on September 13, 2006, Petitioner filed an application for state post-conviction relief seeking an appeal out of time.  *See* Brief in Support of Motion to Dismiss, Exhibit 3, Petition for an Appeal Out of Time.  That application was denied on March 22, 2007, by the state district court.  *See* Brief in Support of Motion to Dismiss, Exhibit 4, Order Denying Application for Post-Conviction Relief.  On March 19, 2007, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 alleging numerous constitutional violations including due process, ineffective assistance of counsel, double jeopardy and further challenging her sentences as excessive.

## II.   <u>Analysis</u>

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions.  *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates.  For purposes of the instant petition, the first (and most common) triggering date applies:  "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a motion to withdraw her guilty plea and, therefore, her conviction became final on April 23, 2005, ten days after the entry of the judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 (requiring defendant to file an application to withdraw guilty plea within ten days of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty). As Respondent points out, because April 23, 2005, fell on a Saturday, Petitioner had until April 25, 2005, within which to withdraw her plea and, therefore, her conviction became final on that date. Petitioner had one year from April 25, 2005, to challenge her conviction. Petitioner did not file her § 2254 petition until March 19, 2007, well after the one-year period expired.

Petitioner is not entitled to statutory tolling of the limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation"). Petitioner did not seek post-conviction relief until September 13, 2006, approximately five months after the expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, Petitioner's

post-conviction proceeding commenced after the expiration of the limitations period did not

toll the limitations period.[2]

Petitioner also sought judicial modification of her sentence.  *See* Okla. Stat. tit. 22,

§ 982a (2001).[3]  However, the Tenth Circuit has repeatedly held in unpublished opinions that

motions to modify a sentence do not constitute post-conviction proceedings that toll the

limitations period because such motions seek discretionary review and their denial is not

appealable.  *See Clemens v. Sutter*, No. 07-5004, 2007 WL 1271908 at *2 n. 1 (10th Cir. May

2, 2007) (unpublished op.) (*citing Bridges v. Johnson*, 284 F.3d 1201, 1203-1204 (11th Cir.

2002)); *accord Garrett v. Howard*, 205 Fed. Appx. 682, 684 (10th Cir. 2006) (unpublished

op.) (habeas petitioner's petition seeking judicial review and modification of his sentence

pursuant to Okla. Stat. tit. 22, § 982a "did not toll the federal limitation period . . . because

such a petition seeks discretionary review and is not appealable, meaning that it is not an

---

[2]The state district court, in denying post-conviction relief to file an appeal out of time, found that "Petitioner was not denied an appeal through no fault of her own."  *See* Brief in Support of Motion to Dismiss, Exhibit 4, Order Denying Application for Post-Conviction Relief.

[3]That statute provides in relevant part:

Any time within twelve (12) months after a sentence is imposed or within twelve (12) months after probation has been revoked, the court imposing sentence or revocation of probation may modify such sentence or revocation by directing that another penalty be imposed, if the court is satisfied that the best interests of the public will not be jeopardized. This section shall not apply to convicted felons who have been in confinement in any state prison system for any previous felony conviction during the ten-year period preceding the date that the sentence this section applies to was imposed.

Okla. Stat. tit. 22, § 982a(A) (2001).

'application for State post-conviction or other collateral review' under § 2244") (*citing Todd v. Miller*, 192 Fed. Appx. 731, 733 (10th Cir. 2006) (unpublished op.)); *Jamison v. Jones*, 197 Fed. Appx. 743, 745 n. 3 (10th Cir. 2006) (unpublished op.) ("Because [§ 982a] motions seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period.").[4] Accordingly, Petitioner's sentence modification motions did not operate to statutorily toll the limitations period.

Even if the motions did operate to toll the limitations period, the limitations period would have been tolled for one day during the pendency of Petitioner's first § 982a motion and for an additional eight days during the pendency of her second § 982a motion.  Tolling the limitations period for this brief period is insufficient to render the petition timely filed.

Because the instant Petition is untimely, Petitioner may proceed only if equitable tolling of the limitations period were appropriate.  Equitable tolling is "only available when

---

[4]These unpublished decisions are based on persuasive rationale consistent with that of other circuits.  The Eleventh Circuit, for instance, has determined that a Georgia state procedure allowing for sentence review does not operate to statutorily toll the limitations period. *See Bridges v. Johnson*, 284 F.3d 1201, 1203 (11th Cir. 2002).  As the Eleventh Circuit explained, the Georgia review process solely addresses whether a sentence is excessively harsh.  The process, therefore "does not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing the time in which federal review is sought."  In reaching this conclusion, the Eleventh Circuit relied on the Supreme Court's observations in *Duncan v. Walker*, 533 U.S. 167, 179 (2001), that the purpose of § 2244(d)(2) is to balance the interests served by the exhaustion requirement that accompanies a federal habeas review of a state court conviction, *see* 28 U.S.C. § 2254(b)(1)(A), and the one-year limitation period. *Bridges*, 284 F.3d at 1203.  Oklahoma's judicial review and sentence modification procedure outlined in § 982a is similar, permitting discretionary review by the sentencing court regardless of whether direct or collateral review of the conviction is pending.  *See* Okla. Stat tit. 22, § 982a; *see also Williams v. Beck*, 115 Fed. Appx. 32, 33 (10th Cir. 2004) (unpublished op.).

an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

In responding to the motion to dismiss, *see* Response [Doc. #14], Petitioner contends the state district court erroneously allowed the State to file an untimely response to her request to file an appeal out of time, but fails to demonstrate how that action prevented her from timely filing the instant petition.  As noted above, Petitioner's application to file an appeal out of time was filed after the expiration of the limitations period and, therefore, did not operate to toll the limitations period in any manner.  Petitioner has failed to demonstrate any extraordinary circumstances beyond her control that prevented her from timely filing her Petition.  Petitioner, therefore, is not entitled to equitable tolling and the Petition should be dismissed as time-barred.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ##11-12] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of her right to file an objection to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of this Court by June ___28th___, 2007.  *See* Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to

appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**<u>STATUS OF REFERRAL</u>**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __8th__ day of June, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE